DECISION
This matter comes before the court upon defendant Robert Biscello's appeal of a September 4, 1998 judgment entry granting plaintiff, Norwest Bank, summary judgment.
Plaintiff initiated this action in March 1998 in order to foreclose its mortgage on defendant's property. After defendant answered, plaintiff filed a motion for summary judgment which was not opposed. The motion was granted by the trial court on June 18, 1998, and defendant now appeals raising the following three assignments of error:
 I. The trial court erred and/or abused its discretion in granting summary judgment for Plaintiff-Appellee.
 II. The trial court erred because there is a genuine issue of fact preventing the issuance of a summary judgment decision.
 III. The Plaintiff-Appellee filed for foreclosure despite good faith efforts on Defendant-Appellant's behalf to remedy the situation.
When presented with an appeal from either the allowance or disallowance of a motion for summary judgment, this court applies the same standard applied by the trial court, and considers the motion as if it had been presented for the first time. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102.
The criterion for granting summary judgment is found in Civ.R. 56(C). That rule provides:
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
A party moving for summary judgment must establish the lack of a genuine issue of material fact concerning each of the elements of his or her opponent's case. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. In order to carry this burden, the movant must:
 * * * point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. * * * These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. * * * [Id. at 292-293.]
In determining whether a genuine question of material fact exists, a court is always obligated to view the evidence presented in the light most favorable to the nonmoving party. Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317. However, when a properly supported motion for summary judgment is made, the nonmoving party is not permitted to rest upon the allegations or denials contained in his or her pleading, but must come forth with specific facts showing the existence of a genuine issue for trial. Civ.R. 56(E); Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 111, following Celotex v. Catrett (1986), 477 U.S. 317. While there is no provision for "default" summary judgment, and while the nonmoving party need not try his or her case at this stage, that party must produce more than a scintilla of evidence in support of the claims presented. Succinctly, viewing all facts in a light most favorable to the nonmoving party, the court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Turner v.Turner (1993), 67 Ohio St.3d 337, 340.
As noted, plaintiff filed this action on March 9, 1998, to foreclose a mortgage on the defendant's property located at 7142 Lee Road, Westerville, Ohio. Plaintiff's motion is supported by the affidavit of Kim Blanc, an officer of plaintiff's servicing agent. Ms. Blanc's affidavit confirms that plaintiff is the holder of the note and mortgage which is the subject of this action, that the copies of the note and mortgage attached to the plaintiff's pleadings are true and accurate copies of the original instruments, and that defendant is in default of payment under the terms of the note. Finally, Ms. Blanc's affidavit confirms that the plaintiff accelerated and called due the entire principal balance according to the default provisions contained in the note.
Below, and now on appeal, defendant has failed to come forward with any evidence whatsoever which might raise an issue of fact on any point necessary for the plaintiff to prevail in this action. Thus, even construing the unsupported assertions presented in the defendant's answer and brief in a light most favorable to the defendant, the court concludes that the plaintiff has carried its burden of demonstrating that it is entitled to judgment as a matter of law. We therefore overrule all three of defendant's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
 ______________________ PETREE, J.
BRYANT and BROWN, JJ., concur.